**SATTIRAJU & THARNEY, LLP**
Ravi Sattiraju, Esq. (Attorney Id. No. 035251998)
50 Millstone Road
Building 300, Suite 202
East Windsor, New Jersey 08520
Tel: (609) 469-2110
Fax: (609) 228-5649
Email: rsattiraju@s-tlawfirm.com

**BERKOWITZ, LICHTSTEIN, KURITSKY, GIASULLO & GROSS, LLC**
Evan Silagi, Esq. (Attorney Id No. 037712011)
75 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 325-7800
Fax: (973) 325-7930
Email: esilagi@blkgg.com

*Attorneys for Plaintiff and the Putative Collective and Class*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDRE MARQUINHOS,<br><br>On behalf of himself and all other similarly situated persons,<br><br>v.<br><br>KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., ABC CORPS. 1-10, and JOHN/JANE DOES 1-10,<br><br>Defendants. | **Civil Action No.**<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff Alexandre Marquinhos, on behalf of himself and all other similarly situated persons, by way of Collective and Class Action against Defendants Konica Minolta Business Solutions U.S.A., Inc., ABC Corps 1-10, and John/Jane Does 1-10, alleges as follows:

## INTRODUCTION

Plaintiff Alexandre Marquinhos ("Plaintiff" or "Named Plaintiff"), an IT Systems Engineer, on behalf of himself and all other similarly situated persons, brings this putative collective action lawsuit against Defendants Konica Minolta Business Solutions U.S.A., Inc. (hereinafter, "Defendant" or "Konica Minolta"), ABC Corps 1-10, and John/Jane Does 1-10 (collectively, "Defendants") and alleges that he and the putative collective and class action members were not paid the appropriate amount of overtime compensation as required under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*, and consequently seek to recover significant economic damages as a result of Defendants' violations of the aforementioned statutes.

## THE PARTIES

1. Plaintiff is a resident of Newark, in the County of Essex, in the State of New Jersey.

2. At all times relevant, Plaintiff was employed by Defendant Konica Minolta as an IT Systems Engineer, as part of its All Covered Assurance program.

3. At all relevant times, Plaintiff was an "employee" as defined in the FLSA.

4. At all relevant times, Plaintiff was "non-exempt" under the FLSA and the NJWHL.

5. Named Plaintiff's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached hereto as **Exhibit A**.

6. Defendant Konica Minolta is a Japanese multinational technology company, with its U.S. headquarters located at 100 Williams Drive, in the Borough of Ramsey, in the County of Bergen, in the State of New Jersey.

7. Defendant Konica Minolta develops, manufactures, and sells office and industrial printers, copiers, and surveillance products, and provides IT services and digitalization support for small and medium-sized enterprises as well as video and image analysis services for offices throughout the United States.

8. Upon information and belief, Defendant Konica Minolta operates throughout the United States, including in New Jersey, Colorado, Florida, Georgia, Kentucky, Illinois, Indiana, Massachusetts, Michigan, New York, Texas, Vermont, Washington, and other states ("Konica Minolta Facilities").

9. Defendants ABC Corps. 1-10 and/or John/Jane Does 1-10 are currently unknown entities and/or natural persons, designated by fictitious names herein, who may also be liable to Plaintiff and other similarly situated persons under the FLSA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

2. This Court also has jurisdiction pursuant to 28 U.S.C. § 1367 based on additional violations of the wage and hour law of New Jersey, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is further appropriate pursuant to 28 U.S. Code § 1391 because Defendant Konica Minolta's U.S. headquarters is located at 100 Williams Drive, Ramsey, New Jersey, which is in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in the District of New Jersey.

## SPECIFIC ALLEGATIONS

10. Plaintiff was employed by Defendant Konica Minolta as an IT Systems Engineer from 2013 through March 2024, as part of its All Covered Assurance program.

11. On its website, Defendant Konica Minolta identifies Managed IT Services and Outsourced IT Support among the services that it offers to customers, including through an All Covered Assurance program.

12. On its website, Defendant Konica Minolta also states that its Managed IT Services have "National Reach – Local Presence" and further states, "As a leading technology consulting company, we successfully serve organizations nationwide across all major industries….We prioritize local presence, ensuring fast response times and familiar faces for our valued customers."

13. Defendant Konica Minolta was at all relevant times herein an "employer" of Plaintiff and other similarly situated employees, as defined by the FLSA and the NJWHL.

14. Defendant Konica Minolta's All Covered Assurance program provides 24/7 service desk support as well as support for remote users and mobile devices.

15. In furtherance of the program, Defendant Konica Minolta requires 24/7 on-call availability for IT specialist, including IT Systems Engineers, in which Plaintiff and other similarly situated employees would perform integral and indispensable work while being "on-call" for two-week periods, alternating between primary and secondary roles every six (6) to eight (8) weeks.

16. While on-call, Plaintiff and other similarly situated employees are/were expected to handle remote and/or on-site calls during off-hours, which include weekends and nights.

17. Plaintiff and other similarly situated employees would work approximately four (4) to six (6) hours or more per week while on-call, and sometimes more if there was an outage.

18. Defendant Konica Minolta's on-call policy also includes working during earned vacation time.

19. Plaintiff and other similarly situated employees are/were required to respond to all IT service calls immediately, with an expectation to answer calls within ten (10) minutes and remain available until all issues are resolved.

20. Failure by the Plaintiff and other similarly situated employees to respond to a call within the expected ten (10) minute window results in an escalation to management and reprimand.

21. Plaintiff and other similarly situated employees are/were required to always keep communication devices on their persons and be prepared to work.

22. Plaintiff and other similarly situated employees are/were required to notify management immediately if they became unavailable for more than one (1) hour while on-call.

23. Defendant Konica Minolta's on-call responsibilities does not allow for any flexibility or periods of uninterrupted leisure, and severely limited Plaintiff's ability to travel and/or partake in personal activities.

24. Plaintiff could not easily change shifts, and would be required to find an alternative individual to cover his scheduled on-call time if he were unavailable.

25. As a result, Plaintiff often worked more than forty (40) hours per week while on-call.

26. The FLSA, 29 U.S.C. §§ 201, *et seq.*, and the NJWHL, N.J.S.A. 34:11-56a, *et seq.*, require employers, such as Defendant Konica Minolta, to compensate Plaintiff and other on-call employees with an overtime rate of pay when they work over forty (40) hours per week.

27. Plaintiff was not paid an overtime premium for the hours worked in excess of forty (40) hours per week.

28. Defendant Konica Minolta's policy and/or practice whereby it fails to pay employees for their on-call time violates the FLSA and NJWHL because it fails to compensate employees for all of the time they have actually worked.

## COLLECTIVE ACTION ALLEGATIONS

29. This action is brought and may properly proceed as a collective action, pursuant to 29 U.S.C. § 216(b) of the FLSA.

30. The collective that Named Plaintiff seeks to represent and to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff himself is a member, is composed of and defined as:

> All individuals employed by Defendants who provided primary and/or secondary "on-call" IT services in the United States from 2021 through the present ("Collective Action Members").

31. This action is maintainable as an "opt-in" collective action pursuant to the FLSA as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs.

32. In addition to Plaintiff, numerous current and former employees who provided "on call" IT services are similarly situated with regard to their wages and claims for unpaid wages and damages.

33. Plaintiff is similarly situated to the putative Collective Action Members because he was paid in a similar manner and performed similar primary job duties.

34. In the last three years, Defendants have employed individuals who performed the same primary duties as Plaintiff.

35. Named Plaintiff and similarly situated employees regularly performed integral and indispensable unpaid work for Defendants while "on call."

36. The integral and indispensable unpaid work performed by Named Plaintiff and other similarly situated employees was practically ascertainable to Defendants.

37. The unpaid worked performed by Named Plaintiff and other similarly situated employees constituted part of their principal activities, was part of their continuous workday, was required by Defendants, and was performed for Defendants' benefit.

38. The Collective Action Members are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs.

## CLASS ACTION ALLEGATIONS

39. Named Plaintiff brings additional claims pursuant to Rule 23 of the Federal Rules of Civil Procedure as a class action on behalf of himself and all other similarly situated individuals.

40. The putative class of similarly situated persons whom Plaintiff seeks to represent in this putative class action is defined herein as:

> All individuals employed with Defendants who provided primary and secondary "on-call" IT services in the State

of New Jersey from 2018 through the present (hereinafter, the "Putative Class Members" or "Putative Class").

41. The Putative Class is so numerous that joinder of all members is impracticable.

42. There are questions of law and fact common to all members of the Putative Class that predominate over questions affecting only individuals. These questions include:

    a. Whether Defendants failed to pay Plaintiff and the Putative Class Members the legally required overtime rate of pay when they were on-call and worked over forty (40) hours per week; and

    b. Whether Defendants' conduct noted above violates the NJWHL.

43. Plaintiff does not have interests antagonistic to those of the putative Class Members. Plaintiff's claims are typical of the claims of the Putative Class Members.

44. Plaintiff will fairly and adequately protect the interests of the Putative Class Members and has retained competent counsel experienced in this type of matter, specifically class action litigation.

45. Common questions of law and fact predominate over any questions that only affect individual Putative Class Members.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy and will cause an expeditious administration of the Putative Class Members' claims.

47. The prosecution of separate actions by individual members of the putative class action would run the risk of inconsistent or varying adjudication. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

## COUNT ONE

### (VIOLATION OF THE FAIR LABOR STANDARDS ACT)

48. All of the preceding paragraphs are realleged as if fully rewritten herein.

49. Plaintiff brings this action on behalf of himself and all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

50. The collective that Plaintiff seeks to represent and to whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff himself is a member, is composed of and defined as follows:

> All individuals employed by Defendants who provided primary and/or secondary "on-call" IT services in the United States from 2021 through the present ("Collective Action Members").

51. This action is maintainable as an "opt-in" collective action pursuant to the FLSA as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Plaintiff, numerous current and former employees of Defendants who provided primary and/or secondary "on-call"

11

IT services are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

52. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs.

53. During their employment with Defendant Konica Minolta, Plaintiff and the Collective Action Members were not fully and properly paid in accordance with the minimum requirements of the FLSA for all of their compensable hours worked due to Defendant Konica Minolta's company-wide policies/practices in several ways that are more fully outlined herein.

54. Defendants' practices and/or policies of not paying Plaintiff and other similarly situated employees for integral and indispensable work performed "on-call" or otherwise outside of their scheduled shifts violates the FLSA, 29 U.S.C. § 207 and 29 C.F.R. § 785.24 (stating same).

55. Further, Defendants' practices and/or policies of failing to pay their employees overtime at a rate of one and one-half times their regular rates of pay when they earned additional remuneration violates the FLSA.

56. Defendants' conduct against the Plaintiff and the Collective Action Members violates the FLSA, 29 U.S.C. §§ 201, *et seq.,* by failing to compensate Plaintiff and the Collective Action Members for all the hours worked, including the "on-call" time, and/or by not paying legally required overtime when the Plaintiff and the Collective Action Members worked over forty (40) hours per week.

57. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violates the FLSA. *See* 29 C.F.R. § 516.2(a)(7).

58. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff and the Collective Action Members is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendants and/or were not kept by Plaintiff.

59. As a result of Defendants' conduct, the Plaintiff and the Collective Action Members have endured significant damages.

## COUNT TWO

### (VIOLATION OF NEW JERSEY WAGE & HOUR LAW)

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. Defendants' conduct against the Plaintiff and the Putative Class Members violates the NJWHL, N.J.S.A. 34:11-56a, *et seq.,* and the New Jersey Administrative Code, N.J.A.C. 12:56-5.6, *et seq.*, by failing to compensate the Plaintiff and the Putative Class Members for all the hours worked, and/or by not paying legally required overtime when the Plaintiff and the Putative Class Members worked over forty (40) hours per week.

62. As a result of Defendants' conduct, the Plaintiff and the Putative Class Members have endured significant damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Collective and Class Action Members, respectfully requests that this honorable Court enter the following relief:

  a. Certify a collective action pursuant to 29 U.S.C. § 216(b) and appoint Plaintiff and his counsel to represent the collective;

  b. Certify a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff and his counsel to represent that class;

  c. Declare and find that Defendants violated the FLSA and the NJWHL;

d. Award compensatory damages, including all unpaid wages, underpaid wages, and overtime wages as well as all expenses owed, arising out of Defendants' violations of the FLSA and NJWHL;

e. Award treble damages and/or liquidated damages pursuant to the FLSA and NJWHL;

f. Award all costs, expenses, and attorneys' fees, with appropriate fee enhancement, incurred in prosecuting this claim;

g. Award pre-judgment and post-judgment interest at the highest rates allowed by law;

h. Injunctive relief in the form of an order directing Defendants to comply with Federal and New Jersey law; and

i. Such other relief as in law and equity may pertain.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

**SATTIRAJU & THARNEY, LLP**
By: *s/Ravi Sattiraju*
50 Millstone Road
Building 300, Suite 202
East Windsor, New Jersey 08520

**BERKOWITZ, LICHTSTEIN, KURITSKY, GIASULLO & GROSS, LLC**
By: *s/Evan Silagi*
75 Livingston Avenue
Roseland, New Jersey 07068

*Attorneys for Plaintiff and the Putative Class*

Dated November 25, 2024

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

   I, Ravi Sattiraju, Esq., counsel for Plaintiff Alexandre Marquinhos, on behalf of himself and all other similarly situated persons, certify that the matter in controversy is not the subject to any other action.


Dated: November 25, 2024              *s/ Ravi Sattiraju*
                           Ravi Sattiraju